USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVE SOLUTIONS LLC,

Plaintiff,

-against-

GREENWAY USA LLC, et al.,

Defendants.

26-CV-03106 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On April 15, 2026, Live Solutions LLC filed the present suit against Greenway USA LLC, Matthew P. Nolty, Jr., United First LLC, and Cook Unity, Inc. ("Cook Unity") over allegedly outstanding invoices and disputed funds connected to a construction project at a Cook Unity facility in Los Angeles, California. Dkt. No. 1 ("Compl."). In the Complaint, Cook Unity was described as a "nominal defendant solely to obtain a judicial declaration governing its payment obligations and to discharge it from double-liability exposure upon releasing the $150,299.54 to Live Solutions." *Id.* ¶ 7. On June 25, 2026, Cook Unity filed an Answer to the Complaint with a counterclaim and also filed a motion, *inter alia*, to interplead the disputed $150,299.54 (the "Contract Balance") and be dismissed from the action. Dkt. Nos. 23 ("Answer"), 24, & 25 ("Mot."). No party opposed.

For the reasons set forth below, the motion is GRANTED in PART and DENIED in part: Cook Unity is DISMISSSED but its request for a permanent injunction is DENIED.

## DISCUSSION

### I. The Contract Balance Should be Interpleaded and Cook Unity Discharged

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim

among many has merit."[1] *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). An interpleader can be brought under either Federal Rule of Civil Procedure 22, a "rule interpleader," or under 28 U.S.C. § 1335, a "statutory interpleader." *See 6247 Atlas Corp. v. Marine Ins. Co., Ltd., No. 2A/C*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994). Cook Unity now purports to move to interplead the Contract Balance under both rule interpleader and statutory interpleader, *see* Mot. at 4, although the motion itself only argues the standard for statutory interpleader under Section 1335, *see* Mot. at 2–4. Thus, the Court will address Cook Unity's motion only under Section 1335.

Courts in this district typically engage in a two-step process when presented with an interpleader action: first, "a court must determine whether the interpleader action is appropriate, and, if it finds that the action is appropriate, the [movant] will be discharged from liability." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citing *New York Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)). Second, "the court adjudicates the claims among the remaining adverse parties." *Id.* These two steps may be disposed of at the same time, or a court may bifurcate them. *See New York Life Ins. Co.*, 700 F.2d at 95. To resolve the present motion, the Court need only consider step one. *See, e.g.*, *First Symetra Nat'l Life Ins. Co. of New York v. Lipinsky*, No. 25-CV-00344 (DEH), 2025 WL 3512242, at *2 (S.D.N.Y. Dec. 8, 2025) (addressing only the first step in resolving a motion for interpleader, discharge, and permanent injunction); *Mitchell*, 966 F. Supp. 2d at 102 (same).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

Generally, at step one, "a court need not analyze the merits of the claims, because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." *Mitchell*, 966 F. Supp. 2d at 102. Instead, "[i]f the court is satisfied that Section 1335's requirements are met, the court will discharge the [movant] from liability." *Solar Spectrum LLC v. AEC Yield Cap. LLC.*, No. 18-CV-07950 (GBD) (JLC), 2019 WL 5381798, at *4 (S.D.N.Y. Oct. 22, 2019). Additionally, the movant should have "a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund." *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 318 (S.D.N.Y. 2014).

Cook Unity has satisfied Section 1335's jurisdictional requirements: the value of the at-issue funds is greater than $500 and the claimants have diverse citizenship.[2] *See* 28 U.S.C. § 1335(a)(1)–(2). Additionally, there is little room to dispute that Cook Unity would reasonably fear double liability or vexatious conflicting claims against the Contract Balance. Live Solutions seeks both a declaration governing Cook Unity's payment obligation and an order "discharging [Cook Unity] from double-liability exposure." Compl. ¶ 7. Likewise, Cook Unity plausibly states in its Answer that it "faces potential double-liability exposure related to the [Contract Balance]," Answer ¶ 7, which the Court considers "real and reasonable." *Gilmore*, 45 F. Supp. at 318. Cook Unity was prepared to pay Live Solutions the Contract Balance until it became aware of United First's alleged competing claim, and, while it is entirely neutral as to who

---

[2] Statutory interpleader requires minimal diversity and a disputed fund exceeding $500.00. *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Avenue, LLC*, 710 F. Supp. 3d 259, 274 (S.D.N.Y. 2024). Live Solutions is a limited liability company organized and existing under the laws of California with its principal place of business in California. Compl. ¶ 3. Cook Unity is a corporation incorporated under the laws of Delaware and authorized to do business in the state of New York; Greenway USA LLC is a limited liability company organized and existing under the laws of New York with its principal place of business in New York; United First is a limited liability company organized and existing under the laws of Florida with its principal place of business in Florida; and Matthew P. Nolty Jr. is a citizen of New York. Compl. ¶ 4–6; Answer ¶ 7; Dkt. No. 22. Finally, the Contract Balance subject to competing claims well exceeds $500. *Id.* ¶ 1.

ultimately is awarded the funds, it cannot release the funds to either party without exposing itself to liability. Answer ¶¶ 5–6, 8–9. Finally, Cook Unity's Answer and Motion were filed in June 2026 and are unopposed. *See* Dkt. Nos. 23–25.

Because Cook Unity has satisfied the requirements for interpleader under Section 1335, it should be discharged from this case. *See Mendez v. Teachers Ins. & Annuity Ass'n & College Ret. Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992) (Pursuant to 28 U.S.C. § 2361, "a district court [may] discharge the stakeholder in any civil interpleader action from further liability to claimants."); *Mitchell*, 966 F. Supp. 2d at 103 ("[T]he court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake.").

For all these reasons, Cook Unity's motion is GRANTED as to interpleader and discharge.

## II. Cook Unity is Discharged, but a Permanent Injunction is Not Necessary

In addition to its motion to interplead the Contract Balance and be discharged, Cook Unity seeks an order permanently enjoining any future action against it regarding the Contract Balance. Mot. at 7.

A district court may "'enter [an] order restraining [parties] from instituting or prosecuting any proceeding . . . affecting the property, instrument or obligation involved in the interpleader action until further order of the court' and 'make the injunction permanent.'" *Bank of Am., N.A. v. Morgan Stanley & Co.*, No. 10-CV-06322 (RJH), 2011 WL 2581765, at *4 (S.D.N.Y. June 24, 2011) (quoting 28 U.S.C. § 2361). While the issuance of such an injunction may be appropriate in other interpleader actions, the Court does not find it necessary here. A permanent injunction pursuant to Section 2361 is typically granted when the interpleader is the plaintiff in a standalone

interpleader action, as opposed to a defensive interpleader brought through a counterclaim, which is the posture here. *See, e.g.*, *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 273 (S.D.N.Y. 2024); *Bank of Am., N.A.*, 2011 WL 2581765, at * 4–5. The Court has already determined that the Contract Balance is to be interpleaded and Cook Unity discharged from liability. That will leave the competing claims between Live Solutions and United First to be adjudicated by this Court, with any final judgment estopping either claimant from pursuing further action against Cook Unity regarding the Contract Balance. Finally, Cook Unity provides no support for why the Court should grant a permanent injunction in these circumstances. Thus, while discharge from liability pursuant to Section 2361 is appropriate, a permanent injunction is not, at least not at this time.

## III. Cook Unity is Entitled to Attorneys' Fees

Finally, Cook Unity argues that it is entitled to its attorneys' fees and costs and, at the direction of the Court, will submit an accounting of those fees and costs. "Attorney's fees and costs are generally awarded to a disinterested stakeholder who has 'expended time and money participating in a dispute not of [its] own making and the outcome of which has no impact on [it].'" *Weininger v. Castro*, 462 F. Supp. 2d 457, 501 (S.D.N.Y. 2006) (quoting *Fidelity Brokerage Services, LLC*, 192 F. Supp. 2d at 183); *see also Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) ("A disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees."); *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 58–59 (S.D.N.Y. Aug. 4, 2015) (same). Attorneys' fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it." *Septembertide Pub.*, 884 F.2d at 683.

Cook Unity meets these criteria. Cook Unity intended to pay the Contract Balance to Live Solutions until it became aware of United First's competing claim. Answer ¶¶ 5–6. Unsurprisingly, then, Cook Unity has no interest in who should prevail between the competing claims, only wishing to avoid potential double liability. *Id.* ¶¶ 8–9. Thus, the Court grants Cook Unity's request for attorneys' fees and costs, subject to an application to the Court in accordance with Federal Rule of Civil Procedure 54(d). A decision as to whether to tax one of the claimants with these fees, rather than the Contract Balance, will await resolution of the dispute between the claimants.

## CONCLUSION

For the foregoing reasons, Cook Unity's Interpleader Motion, Dkt. No. 24, is **GRANTED** in part. The Court will issue a modified version of Cook Unity's proposed order, Dkt. No. 24-1, once Cook Unity deposits the Contract Balance with the Clerk of the Court pursuant to 28 U.S.C. § 1335. By no later than **October 27, 2026**, Cook Unity shall submit an accounting of its attorneys' fees and costs. If necessary, attorney billing records may be submitted to the Court by email (GarnettNYSDChambers@nysd.uscourts.gov) for *in camera* review.

Dated: October 14, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge